JAMES P. LOFLAND *vs.* CHARLES C. EMORY.

If after notice by a tenant of his intention to quit, he continue in possession beyond his term, he forfeits *double* rent; but any subsequent contract by which the tenancy is extended, is a *waiver* of the forfeiture.

A tenancy without limitation as to time is a tenancy for a year, and the tenant is liable for a year's rent though he remains in possession only part of the year.

The plea of *tender* will not save the defendant from costs if the sum tendered be not the full amount recovered, however small the deficiency.

CASE. Narr. in assumpsit.

The *first* count of the declaration was framed on the 12th section of the act " concerning landlords and tenants " for *double* rent, for holding over after notice by the tenant of his intention to quit. The count was as follows:

· " And thereupon the said James P. Lofland, by Martin W. Bates his attorney, complains, for that, whereas, the said Charles C. Emory, after the 10th of February, 1829, and after the passing of a certain act of the general assembly of the said State of Delaware, entitled ' an act concerning landlords and tenants,' to wit, on the 1st day of January, A. D. 1837, at Kent county aforesaid, by force of the said act of the general assembly aforesaid, became and was indebted to the said James P. Lofland in a large sum of money, to wit, in the sum of $600, lawful money of the United States of America, for the use and occupation of a certain messuage, storehouse, wharf, granary, buildings and land, with the appurtenances, situate in Kent county aforesaid, as tenant thereof from year to year, to the said James P. Lofland, at and under the yearly rent of three hundred dollars, payable yearly by the said Charles; and at his special instance and request, for a long space of time, to wit, from the 1st day of January, A. D. 1836, until the said 1st day of January, A. D. 1837, had used, occupied, possessed and enjoyed, notwithstanding a certain notice in writing theretofore, to wit, three months or upwards before the said 1st day of January, A. D. 1836, given by the said Charles C. Emory to the said James P. Lofland, of his intention to quit, and that he, the said Charles C. Emory, would, on the said 1st day of January, A. D. 1836, deliver up unto the said James P. Lofland, the said demised messuage and premises, with the appurtenances; and being so indebted he, the said Charles C. Emory, in consideration thereof afterwards, to wit, on the said 1st day of January, A. D. 1837, undertook and then and there faithfully promised the said James P. Lofland, to pay him the said sum of $600, when he, the said Charles C. Emory, should be thereunto afterwards requested;" nevertheless, &c. &c.

The *second* count was for use and occupation simply.

The defendant pleaded to the *first* count, non-assumpsit, payment, discount, and the act of limitation; and to the *second* count, "non-assumpsit, except as to the sum of $97 81, parcel of the said sum of $600, in said count mentioned; and as to the said sum of $97 81, parcel of the said sum of $600, he pleads a tender and refusal in due form, and brings the same into court," &c.

The renting was proved at $300 per annum, the term to expire on the 1st of January, 1836; and the defendant, on the 21st of September 1835, gave the plaintiff due notice in writing of 'his intention to remove at the expiration of the term. He continued in possession, however, until the 29th or 30th of April following, under a subsequent agreement, as he contended, with plaintiff, to remain in possession until this time at a pro rata rent. On the 29th of April he tendered plaintiff the keys, and also $97 81 in specie, which he refused.

The *Chief Justice*, (J. M. CLAYTON,) charged the jury:

That the plaintiff having proved the original letting, the notice by defendant of his intention to remove, and a holding on beyond the expiration of his term, was entitled to recover double rent on the first count, (*Dig.* 368,) unless he has entered into some subsequent arrangement with defendant amounting to a *waiver* of this forfeiture. That any new contract or agreement made by the plaintiff with the defendant, by virtue of which he remained in possession for any period of time after the expiration of his lease, was a dispensation or waiver of the forfeiture, incurred by not giving up the possession according to the notice. The act of assembly, imposing double damages, is a highly penal statute, made to remunerate the landlord for inconvenience and injury in not getting possession of his premises pursuant to legal notice; but if he choose by any subsequent agreement to enlarge the time or extend the tenancy, he thereby dispenses with the forfeiture. Thus, if a subsequent agreement be proved in this case, by which the defendant occupied longer than the 1st of January, whether for three months, twenty days, or for an uncertain period, (about which there is some contrariety of proof,) the plaintiff is not entitled to recover under the first count.

The second count is for the use and occupation of these premises for the year 1836, and seeks to recover the full year's rent for that year. As to this count some questions have been raised requiring notice from the court. The 12th section of the act "concerning landlords and tenants," (*Dig.* 368,) makes "any contract or consent pursuant to which a tenant shall enter into, or continue in possession of lands tenements or hereditaments, under an agreement to pay

rent," a demise for a year, "if no term be expressly limited." If therefore the defendant in this case continued in possession after the 1st of January 1836, under any contract or agreement to pay rent, he became the tenant of plaintiff for that year, and is liable for the whole year's rent, unless it is also proved that by this agreement his holding was for some other period, and at a pro rata or some other rent. And this is his defence, that he did continue in possession under an agreement that he might leave whenever he pleased, paying for the time he remained in possession at the rate of $300 per year. If this be proved he is not liable for any thing more; but if the new agreement was (according to some of the testimony) that he should remain in possession for twenty days, and he held over that time and prevented another tenant from coming in, he is liable for the whole year's rent; having, by tendering the keys, acknowledged the tenancy as continuing beyond the twenty days.

It is not doubted by the court that in the action for use and occupation, the plaintiff may recover for the whole year, if there be a contract or agreement of tenancy either for a year, or for no certain time, although the tenant may not have occupied for all the year. Our act is only in confirmation of the *Stat.* 11, *Geo.* 2, *ch.* 19. And though this statute was not enacted by our legislature until 1829, it was, by usage and consent, and by the adjudication of our courts, a part of the common law of this state. Under it, if a contract of tenancy be proved, the defendant is liable in use and occupation, although he may never have entered into possession. (See *Comyn on Land. and Tent.* 435, 449, 450.)

As to the tender, if the jury are of opinion that the plaintiff, under the proof in the case, can recover only a pro rata compensation, they will calculate and decide whether $97 81, the sum tendered, was the *whole* amount due at the time; for if the defendant did not tender all that was due, however small the deficiency, the plaintiff was not bound to accept it, and it will not protect him from the costs of this suit. The defendant, in undertaking to assess the amount due from him to plaintiff, must take care to offer the whole sum due, to entitle himself to the benefit of a lawful tender.

Verdict for plaintiff.

*Bates*, for plaintiff.
*Frame*, for defendant.